PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID ANDERSON, | ) |
| | ) CASE NO. 5:16CV1335 |
| Petitioner, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| | ) |
| CHARMAINE BRACY, | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Respondent. | ) **ORDER** [Resolving ECF Nos. 6 and 15] |

Petitioner David Anderson, an Ohio prisoner, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") (ECF No. 1), alleging three (3) grounds for relief which challenge the constitutional sufficiency of his conviction for kidnapping and rape in Summit County, Ohio Court of Common Pleas Case No. CR-2012-05-1469. The case was referred to Magistrate Judge David A. Ruiz for a Report and Recommendation. Respondent filed a Motion to Dismiss (ECF No. 6). The magistrate judge subsequently issued a Report (ECF No. 10) recommending that the Court grant Respondent's motion to dismiss and dismiss the petition without prejudice. ECF No. 10 at PageID #: 473. Petitioner filed objections (ECF No. 15) to the magistrate judge's Report. Based upon the record before it, the Court overrules the objections, adopts the Report and Recommendation, and dismisses the petition.

## I. Facts

On direct appeal, Ohio's Ninth District Court of Appeals established the factual background of Petitioner's trial and convictions as follows:

{¶ 10} In this case, Anderson does not challenge the jury's finding that the State proved all elements of both rape and kidnapping at trial. The evidence demonstrated that Anderson stopped the victim as she was walking outside, offered her a ride to church, drove her instead to another location, and forced her to engage in fellatio and cunnilingus. Based on our review of the evidence of Anderson's conduct, this Court concludes that he committed the offenses of kidnapping and rape separately.

{¶ 11} The victim volunteered to cook lunch every Tuesday at her church as part of the church's community outreach program. To prepare the elaborate lunches, the cooks were required to arrive at the church around 8:00 a.m. When her friend failed to pick her up in the morning of May 15, 2012, the victim decided to make the 15-minute trek on foot. As she was walking, she noticed a car pass her and circle around several times to pass her again and again. As she approached a car wash, she noticed the same car parked in the business' parking lot. Anderson was alone in the car. He called the victim over to his car and asked her if she would like a ride. The victim told him that she was going to Macedonia Baptist Church and she accepted his offer of a ride to church.

{¶ 12} Anderson began driving the victim in the direction of the church. As he reached the front of the church, he began to punch the victim repeatedly in the head and face. He then drove past the church, turned down a side street, and began driving away from the church. Until Anderson began punching her, the victim was unaware that he was not taking her to the church. Anderson threatened to shoot the victim, preventing her out of fear from rolling down her window to yell for help. After driving on several streets, Anderson quickly pulled into the driveway of an abandoned house which was located next door to another abandoned house. Anderson drove to the back of the house which was surrounded on three sides by heavy foliage, bushes, and trees. He then told her to get out of the car and get in the back seat or he would shoot her. She dared not attempt to run away out of fear of being shot and killed.

{¶ 13} Anderson joined the victim in the back seat where he again punched her repeatedly and strangled her until she began to black out. Despite her pleas that he "stop it," Anderson forced the victim to perform fellatio until he ejaculated in her mouth. He then forced the victim to remove one shoe and one leg from her pants, and forced her

(5:16CV1335)

> to submit to cunnilingus. The victim was able to escape after the police arrived on the scene after a neighbor heard her screams and called 911.

*State v. Anderson*, 2014-Ohio-1206, ¶¶ 10-13, 2014 WL 1344584 (Ohio Ct. App. Mar. 26, 2014), *rev'd*, 2015-Ohio-2089, ¶¶ 10-13, 35 N.E.3d 512 (Ohio 2015). In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by the state courts are presumed correct. 28 U.S.C. § 2254(e)(1).

The Court adopts the procedural background as outlined by the magistrate judge in his Report. ECF No. 10 at PageID #: 475-78.

**II. Standard of Review for Magistrate Judge's Report and Recommendation**

Where objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Near verbatim regurgitation of the arguments made in earlier filings are not true objections. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review. *Cvijetinovic v. Eberlin*, 617 F. Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b). *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006). "A party

3

(5:16CV1335)

who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id*. (citing *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)). The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

Accordingly, this Court conducts a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

### III. Law & Analysis

Petitioner raises the following grounds for relief:

> **GROUND ONE:** Petitioner's Rights Pursuant To The Double Jeopardy Clause Of The United States Constitution Were Violated When The Petitioner Received Separate Sentences For Both Rape And Kidnapping.
>
> **GROUND TWO:** Petitioner Received Ineffective Assistance Of Trial Counsel In Violation Of His Federal Constitutional Rights Pursuant To The 6th And 14th Amendments To The United States Constitution.
>
> **GROUND THREE:** Petitioner Received Ineffective Assistance Of Appellate Counsel In Violation Of His Federal Constitutional Rights Pursuant To The 6th And 14th Amendments To The United States Constitution.

ECF No. 1 at PageID #: 18-23.

The magistrate judge found—and Petitioner concedes—that Petitioner argues only two (2) grounds for relief and that Ground Three is an argument to excuse Petitioner's failure to exhaust Grounds One and Two. ECF No. 10 at PageID #: 481-82; *see also* Petitioner's Traverse, ECF No. 9 at PageID #: 465. Respondent filed a motion to dismiss the Petition on grounds that

(5:16CV1335)

Petitioner's claims are unexhausted and not cognizable because they were not raised before the Supreme Court of Ohio. ECF No. 6 at PageID #: 43-44. The magistrate judge recommends that the Court dismiss the petition without prejudice on grounds that the Petition is comprised exclusively of unexhausted claims. ECF No. 10 at PageID #: 483.

Petitioner raises one objection to the magistrate judge's recommendations. In his objection, Petitioner avers that the magistrate judge erroneously determined that Petitioner has not exhausted his state remedies and that the Petition should be dismissed without prejudice. Petitioner's objection is not a true objection. Rather, it is a near verbatim recitation of the arguments made in his Traverse. *Compare* Petitioner's Objections, ECF No. 15 at PageID #: 497-504 *with* Petitioner's Traverse, ECF No. 9 at PageID #: 465-71. Assuming *arguendo*, however, that Petitioner's objection is properly before the Court, the objection is overruled for the reasons discussed below.

**A. Exhaustion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, applies to all federal habeas petitions filed after the Act's effective date. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). It is now a well-established rule of law that the AEDPA established the standards that federal courts must apply when considering petitions for a writ of habeas corpus. *See Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000) ("Federal habeas review of the state court's decision is governed by the standards established by the AEDPA."); *Fry v. Pliler*, 551 U.S. 112, 119 (2007) ("the [] AEDPA,[] sets forth a precondition to the grant of habeas relief "). Under the AEDPA, a state prisoner must exhaust all possible state remedies or

(5:16CV1335)

have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b); *see* Baldwin v. Reese, 541 U.S. 27 (2004). A petitioner satisfies the exhaustion requirement when he presents his claims to a state supreme court for review of his claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, because they had not been exhausted, are not cognizable on federal habeas review.

Petitioner concedes that he has not exhausted state law remedies for the habeas claims raised in Grounds One and Two of his Petition. *See* ECF No. 9 at PageID #: 465 ("Respondent submits that the third ground for relief . . . really concerns counsel's failure to properly exhaust the issues raised in grounds one and two before the Ohio Supreme Court."); ECF No. 15 at PageID #: 497 ("[T]here's no question that both the first and second grounds for relief now raised by Petitioner were raised to the state court of appeals. It is equally clear that neither of these questions was raised to Supreme Court of Ohio."). Therefore, the Court agrees with the magistrate judge's finding that the claims raised in Grounds One and Two are unexhausted. *See* ECF No. 10 at PageID #: 482.

Petitioner contends that his failure to exhaust Grounds One and Two of the Petition should be excused on grounds that Petitioner received ineffective assistance of appellate counsel. ECF No. 1 at PageID #: 22-23. Petitioner states that he was represented by state-appointed appellate counsel. ECF No. 15 at PageID #: 501. Petitioner also states that the same state-

6

appointed appellate counsel continued to represent Petitioner when he "file[d] a motion to certify a conflict [of authority] question to the Ohio Supreme Court" and "after the conflict was certified by the [Ohio] Court of Appeals." ECF No. 1 at PageID #: 41; ECF No. 9 at PageID #: 466; ECF No. 15 at PageID #: 499. Petitioner avers that a constitutional right to the effective assistance of counsel attached when the State of Ohio appointed appellate counsel to represent Petitioner in his conflict of authority proceeding before the Supreme Court of Ohio. ECF No. 9 at PageID #: 469; ECF No. 15 at PageID #: 501. Petitioner relies on no legal authority to support this assertion. Petitioner contends that his constitutional right to effective assistance of counsel was violated because his state-appointed appellate counsel failed to: (1) "file either a Notice of Appeal or a Memorandum in Support of Jurisdiction in the Ohio Supreme Court concerning the balance of the issues raised in the direct appeal;" (2) "explain to the Petitioner the option of taking these issues to the Ohio Supreme Court[;]" and, "explain to the Petitioner the necessity of exhausting these questions with the state's highest court prior to proceeding to Federal Court." ECF No. 1 at PageID #: 22-23. Petitioner also asserts that the conflict of authority proceeding "**was not** a discretionary appeal and was merely a continuation of Petitioner's appeal as of right due to a conflict of authority on one point." ECF No. 9 at PageID #: 466; ECF No. 15 at PageID #: 498 (emphasis in original).

Petitioner cannot state a claim for constitutionally ineffective assistance of counsel during proceedings to which he does not have a constitutional right to counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). "A criminal defendant does not have a constitutional right to counsel to pursue second, discretionary state appeals." *Hale v. Burt*, 645 F. App'x 409, 417

(5:16CV1335)

(6th Cir. 2016), *cert. denied*, 137 S. Ct. 621 (2017) (citing *Ross v. Moffitt*, 417 U.S. 600, 610 (1974)). Most recently, the Sixth Circuit explained in *Hale*:

> There is no principled difference between having counsel *represent* a defendant during a second, discretionary appeal and having counsel *advise* a defendant on *whether or not to seek* a second, discretionary appeal, and a criminal defendant does not have a constitutional right to counsel to pursue second, discretionary state appeals.

*Hale,* 645 F. App'x at 417 (citing *Ross*, 417 U.S. at 612) (emphasis in original).

Because his conflict of authority proceeding before the Supreme Court of Ohio was a proceeding as of right, Petitioner would have the Court adopt the reasoning that acting to preserve Petitioner's habeas claims while the conflict matter was pending before the Supreme Court of Ohio would not constitute a second, discretionary appeal. This theory has no legal support. Likewise, Petitioner's theory that a constitutional right to effective assistance of counsel attached because counsel was appointed in the conflict of authority proceeding has no legal support. Moreover, under *Hale*, Petitioner's appellate counsel was under no obligation to advise Petitioner of his options in filing or exhausting his habeas claims in a second, discretionary appeal to the Supreme Court of Ohio. Therefore, Petitioner's arguments and his claim of ineffective assistance of counsel are not cognizable under clearly established federal law.

"A habeas court should excuse exhaustion where further action in state court would be an exercise in futility." *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005) (quoting *Lucas v. People of the State of Michigan*, 420 F.2d 259, 262 (6th Cir. 1970)). Petitioner contends that the Court should refuse to require Petitioner to seek a delayed appeal on grounds that such an act

8

(5:16CV1335)

would be futile.  ECF No. 15 at PageID #: 504.  Petitioner solely relies on the Sixth Circuit's ruling in *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014), to support this assertion.  But, *Gunner* is factually distinct.[1]  Moreover, Petitioner acknowledges that the appropriate remedy for failure to exhaust is dismissal of the Petition without prejudice.  ECF No. 15 at PageID #: 504 ("Even the Magistrate Judge recognizes that dismissal **without prejudice** is the remedy recommended.")  (emphasis in original).  This would allow Petitioner to pursue the unexhausted claims in state court, giving the state court a full and fair opportunity to review his claims on the merits.  *See also Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002) ("Claims not first raised in state court are unexhausted and are ordinarily dismissed without prejudice, in order to permit the petitioner the opportunity to pursue them in state court." (citing *Rose v. Lundy*, 455 U.S. 509, 518, 520-22 (1982))).

Accordingly, the Court agrees with the magistrate judge's finding that the Petition has not established a cognizable claim pursuant to 28 U.S.C. 2254(b) because Petitioner has not

---

[1] In *Gunner*, the Sixth Circuit was concerned with "a claim of ineffective assistance of counsel that is dependent on facts that are not part of the trial record." *Gunner v. Welch*, 749 F.3d 511, 514 (6th Cir. 2014).  Such a claim, the Sixth Circuit explained, "cannot be raised on direct appeal [,] must be raised in a post-conviction proceeding pursuant to Ohio Rev. Code § 2953.21[, and] . . . must be filed within 180 days from the date on which the trial transcript is filed with the appellate court." *Id.* at 515.  The Sixth Circuit held that "it would have been futile [for petitioner to file a post-conviction motion] because the 180-day period in which to file such a petition had long since run as a direct consequence of the failure of his appellate counsel to provide him with relevant information." *Id.* at 520.  Petitioner does not contend that his claims of ineffective assistance of counsel depend on facts that are not part of the trial record.  In fact, he agrees that "the facts necessary for this Court to address Respondent's current motion to dismiss appear[] to be uncontroverted."  *See* Petitioner's Objections, ECF No. 15 at PageID #: 497.  Accordingly, the Court does not find that the reasoning in *Gunner* should apply to the case at bar.

9

(5:16CV1335)

exhausted his claims by raising them to the Supreme Court of Ohio. The Court overrules Petitioner's objection and adopts the recommendation of the magistrate judge to dismiss the petition without prejudice on grounds that the Petition is comprised exclusively of unexhausted claims.

**B. Procedural Default**

The Court would be remiss not to address the procedural default arguments raised by Petitioner in his Traverse and Objections.[2] Petitioner contends that the procedural default of his habeas claims should be excused because Petitioner can demonstrate cause and prejudice. *See* ECF No. 9 at PageID #: 465, 469; ECF No. 15 at PageID #: 498, 502. Petitioner argues that ineffective assistance of counsel (discussed *supra*) was cause to excuse the procedural default. ECF No. 9 at PageID #: 466-69; ECF No. 15 at PageID #: 498-502.

In support of his objection, Petitioner directs the Court to case law that is not binding on the Court. *See* ECF No. 9 at PageID #: 466-69 (discussing the appellate and lower court decisions in *Hernandez v. Greiner*, 305 F. Supp. 2d 216 (E.D.N.Y. 2004), *aff'd*, 414 F.3d 266 (2d Cir. 2005)); ECF No. 15 at PageID #: 499-502 (same). Petitioner concedes that these cases "discuss[] discretionary appeals under New York law which is quite different than Ohio law, . . . the procedures for perfecting and prosecuting criminal appeals to the Ohio Supreme Court are

---

[2] It appears that when filing his objection, Petitioner was under the impression that "[t]he only basis for dismissal argued by the Respondent in its motion is that the Petitioner's Petition only raises issues which are procedurally defaulted." ECF No. 15 at PageID #: 497. Petitioner states that, in his Objections, he has limited his arguments to addressing the procedural default of Grounds One and Two of his habeas claims because these procedural default arguments were "actually made by the Respondent in support of its Motion to Dismiss." *Id.* These assertions are unfounded and do not reflect the record before the Court.

10

(5:16CV1335)

markedly different from those in the state of New York, [and] the ultimate holding [] by the Second Circuit has little application in the case at bar." ECF No. 9 at PageID #: 466-69; ECF No. 15 at PageID #: 499-502. Nevertheless, Petitioner asks the Court to consider the policy considerations raised by the lower court. ECF No. 9 at PageID #: 466, 468; ECF No. 15 at PageID #: 499, 501. The Court respectfully declines the invitation. The distinctions between state criminal appellate laws and procedures would not justify such a pursuit; nor would the bases on which dismissal is sought in this habeas action. Petitioner also directs the Court to a Sixth Circuit ruling that is not instructive as to Petitioner's unexhausted claims. Petitioner contends that the Sixth Circuit's ruling in *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014), is applicable to his case. But, the Court finds *Gunner* instructive only as to Petitioner's procedural default arguments. *See* ECF No. 15 at PageID #: 502 (acknowledging that *Gunner* "was actually a procedural default case").

Accordingly, Petitioner's arguments to excuse procedural default are unavailing. These arguments are not responsive to the magistrate judge's finding that Petitioner's claims are unexhausted and should be dismissed without prejudice. Respondent seeks dismissal of the Petition on grounds that Petitioner's habeas claims are unexhausted, not because Petitioner has procedurally defaulted his claims. For these reasons, the Court overrules Petitioner's objection to the extent that it, perhaps mistakenly, argues against dismissal due to procedural default.

**C. Motion to Stay Proceeding**

(5:16CV1335)

Petitioner moves the Court for an order granting a stay of these proceedings "for a period of 120 days, or until the Ohio Supreme Court determines whether or not to allow a delayed appeal, whichever is sooner." *See* ECF No. 15 at PageID #: 496, 504-05. While counsel for Petitioner may consider dismissing this action without prejudice "to be a vain act," counsel also acknowledges that it "is the remedy recommended." *Id.* at PageID #: 504. Accordingly, Petitioner's motion to stay this proceeding (ECF No. 15) is denied.

### IV. Conclusion

For the foregoing reasons, Petitioner's Objections (ECF No. 15) are overruled and the Report and Recommendation (ECF No. 10) of the magistrate judge is hereby adopted. Petitioner's motion to stay this proceeding (ECF No. 15) is denied. David Anderson's Petition for a Writ of Habeas Corpus (ECF No. 1) is dismissed without prejudice. The Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

 September 8, 2017     /s/ Benita Y. Pearson
Date                   Benita Y. Pearson
                       United States District Judge